IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TALIA ULIBARRI,<br><br>  Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br><br>Civil Case No. 2:09-CV-206 TS<br>Criminal Case No. 2:07-CR-205 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. Petitioner is proceeding *pro se* in this matter. The Court, having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, will deny Petitioner's § 2255 Motion, as set forth more fully below.

1

BACKGROUND

Petitioner was indicted on one count of armed bank robbery on March 28, 2007. Petitioner pleaded guilty to that count on September 25, 2007. Petitioner was sentenced to thirty-three months custody on January 14, 2008. Judgment was entered on January 15, 2008.

Petitioner did not pursue direct appeal. Petitioner filed the instant Motion on March 6, 2009.

DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[1] Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2255(f)(1), Petitioner's conviction became final when the timing for direct appeal expired on January 25, 2008. Petitioner did not file this Petition until March 6, 2009, more than one year after her conviction became final. Therefore, this Petition is barred by the statute of limitations.

---

[1] *See also United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

Further, the Petition raises no grounds on which § 2255 relief could be granted. When stating the grounds for relief in her form Petition, Petitioner states "NONE." Petitioner goes on to sate that she would like to get released because her mother is going through a difficult period of time because Petitioner's father passed away. While the Court is sympathetic with Petitioner's situation, this is not sufficient grounds for relief under § 2255.[2]

## CONCLUSION

It is therefore

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:09-CV-206 TS) is DENIED for the reasons set forth above. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:09-CV-206 TS forthwith.

SO ORDERED.

DATED this 29th day of June, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *See, e.g., Bedewi v. United States*, 583 F.Supp. 2d 72, 79 (D. D.C. 2008) (stating that family hardship is not an appropriate grounds for relief under § 2255 and collecting cases).

3